1  Cynthia Emry (SBN 161763)
   Michael A. Wertheim (SBN 291228)
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California  90017-5408
   Telephone:  (213) 689-0404
4  Facsimile:  (213) 689-0430
   Email: emryc@jacksonlewis.com
5  Email: Michael.Wertheim@jacksonlewis.com

6  Attorneys for Defendant
   U.S. QUALITY FURNITURE SERVICES, INC.

7

8  Cathe L. Caraway-Howard (SBN 143661)
   LAW OFFICESOF CATHE L. CARAWAY-HOWARD
9  8117 Manchester Avenue, Suite 505
   Playa Del Rey, California 90293
10 Telephone: (310) 488-9020
   Facsimile: (866) 401-4556
11 Email: cathe@carawaylaw.com

12 Attorney for Plaintiffs
   NEIL ARMSTRONG and DWIGHT ATCHISON
13

14

15                    UNITED STATES DISTRICT COURT

16                    CENTRAL DISTRICT OF CALIFORNIA

17 NEIL ARMSTRONG, an individual, and        Case No.:  2:15-cv-05403- DMG - AGR
   DWIGHT ATCHISON, an individual;
18
                Plaintiffs,
19
        vs.                                   **STIPULATED PROTECTIVE ORDER**
20
   U.S. QUALITY FURNITURE                      **DISCOVERY DOCUMENT –**
21 SERVICES, INC., a Texas corporation;        **REFERRED TO MAGISTRATE**
   and DOES 1 through 20, inclusive,           **JUDGE ALICIA G. ROSENBERG**
22
                Defendants.
23                                             Complaint filed:   April 30, 2015
                                               First Amended Complaint filed: June 12,
24                                             2015

25

26

27     1.     A.      PURPOSES AND LIMITATIONS

28

1    Discovery in this action is likely to involve production of confidential, proprietary,

2    or private information for which special protection from public disclosure and from use

3    for any purpose other than prosecuting this litigation may be warranted. Accordingly, the

4    parties hereby stipulate to and petition the Court to enter the following Stipulated

5    Protective Order. The parties acknowledge that this Order does not confer blanket

6    protections on all disclosures or responses to discovery and that the protection it affords

7    from public disclosure and use extends only to the limited information or items that are

8    entitled to confidential treatment under the applicable legal principles. The parties further

9    acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order

10   does not entitle them to file confidential information under seal; Civil Local Rule 79-5

11   sets forth the procedures that must be followed and the standards that will be applied

12   when a party seeks permission from the court to file material under seal.

13       B.    GOOD CAUSE STATEMENT

14       This action is likely to involve trade secrets, customer and pricing lists,

15   documents reflecting home addresses and telephone numbers of Defendant's customers

16   and the customers of third parties,   and other valuable research, development,

17   commercial, financial, technical and/or   proprietary information for which special

18   protection from public disclosure and  from use for any purpose other than prosecution of

19   this action is warranted. Such  confidential and proprietary materials and information

20   consist of, among other   things, confidential business or financial information,

21   information regarding  confidential business practices, or other confidential research,

22   development, or  commercial information (including information implicating privacy

23   rights of third  parties), information otherwise generally unavailable to the public, or

24   which may be  privileged or otherwise protected from disclosure under state or federal

25   statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of

26   information, to facilitate the prompt resolution of disputes over confidentiality of

27   discovery materials, to adequately protect information the parties are entitled to keep

28

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1     Action: The matter entitled Neil Armstrong, Dwight Atchison v. U.S. Quality Furniture Services, Inc.; USDC Case No. 2:15-cv-05403.

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1    2.7    Expert: a person with specialized knowledge or experience in a matter

2 pertinent to the litigation who has been retained by a Party or its counsel to serve as  an

3 expert witness or as a consultant in this Action.

4    2.8    House Counsel: attorneys who are employees of a party to this Action.

5 House Counsel does not include Outside Counsel of Record or any other outside

6 counsel.

7    2.9    Non-Party: any natural person, partnership, corporation, association,

8 or other legal entity not named as a Party to this action.

9    2.10    Outside Counsel of Record: attorneys who are not employees of a

10 party to this Action but are retained to represent or advise a party to this Action and have

11 appeared in this Action on behalf of that party or are affiliated with a law firm which has

12 appeared on behalf of that party, and includes support staff.

13    2.11    Party: any party to this Action, including all of its officers, directors,

14 employees, consultants, retained experts, and Outside Counsel of Record (and their

15 support staffs).

16    2.12    Producing Party: a Party or Non-Party that produces Disclosure or

17 Discovery Material in this Action.

18    2.13    Professional Vendors: persons or entities that provide litigation

19 support services (e.g., photocopying, videotaping, translating, preparing exhibits or

20 demonstrations, and organizing, storing, or retrieving data in any form or medium) and

21 their employees and subcontractors.

22    2.14    Protected Material: any Disclosure or Discovery Material that is

23 designated as "CONFIDENTIAL."

24    2.15    Receiving Party: a Party that receives Disclosure or Discovery

25 Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal  of all claims and defenses in this Action, with or without prejudice; and (2) final  judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any  motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written  communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection  under this Order must be clearly so designated before the material is disclosed or  produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that  contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the  documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page

that contains Protected Material. If only a  portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and  for any other tangible items, that the Producing Party affix in a prominent place on  the exterior of the container or containers in which the information is stored the    legend "CONFIDENTIAL." If only a portion or portions of the information  warrants protection, the Producing Party, to the extent practicable, shall identify the  protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent  failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable  efforts to assure that the material is treated in accordance with the provisions of this Order. Further, the Receiving Party may also request that the Producing Party designate certain Disclosure or Discovery Material "CONFIDENTIAL."   If Producing Party refuses to designate the Disclosure or Discovery Material as "CONFIDENTIAL"         as requested, the Receiving Party may seek court intervention.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper  purpose (e.g.,

1  to harass or impose unnecessary expenses and burdens on other parties) may expose the

2  Challenging Party to sanctions. Unless the Designating  Party has waived or withdrawn

3  the confidentiality designation, all parties shall continue to afford the material in question

4  the level of protection to which it is entitled under the Producing Party's designation until

5  the Court rules on the challenge.

6  7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7  7.1  Basic Principles.  A Receiving Party may use Protected Material that is

8  disclosed or produced by another Party or by a Non-Party in connection with this Action

9  only for prosecuting, defending, or attempting to settle this Action. Such Protected

10  Material may be disclosed only to the categories of persons and under the conditions

11  described in this Order. When the Action has been terminated, a Receiving Party must

12  comply with the provisions of section 13 below (FINAL DISPOSITION).

13  Protected Material must be stored and maintained by a Receiving Party at a

14  location and in a secure manner that ensures that access is limited to the persons

15  authorized under this Order.

16  7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

17  ordered by the court or permitted in writing by the Designating Party, a Receiving Party

18  may disclose any information or item designated  "CONFIDENTIAL" only to:

19  (a)  the Receiving Party's Outside Counsel of Record in this Action, as  well as

20  employees of said Outside Counsel of Record to whom it is reasonably necessary to

21  disclose the information for this Action;

22  (b)  the officers, directors, and employees (including House Counsel) of the

23  Receiving Party to whom disclosure is reasonably necessary for this Action;

24  (c)  Experts (as defined in this Order) of the Receiving Party to whom

25  disclosure is reasonably necessary for this Action and who have signed the

26  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27  (d)  the court and its personnel;

28

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to Issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

1        (3)    make the information requested available for inspection by the Non-Party, if

2   requested.

3        (c)    If the Non-Party fails to seek a protective order from this court within 14

4   days of receiving the notice and accompanying information, the Receiving Party  may

5   produce the Non-Party's confidential information responsive to the discovery  request. If

6   the Non-Party timely seeks a protective order, the Receiving Party shall  not produce any

7   information in its possession or control that is subject to the  confidentiality agreement

8   with the Non-Party before a determination by the court.  Absent a court order to the

9   contrary, the Non-Party shall bear the burden and  expense of seeking protection in this

10  court of its Protected Material.

11  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13  Protected Material to any person or in any circumstance not authorized under this

14  Stipulated Protective Order, the Receiving Party must immediately (a) notify in  writing

15  the Designating Party of the unauthorized disclosures, (b) use its best efforts  to retrieve

16  all unauthorized copies of the Protected Material, (c) inform the person or  persons to

17  whom unauthorized disclosures were made of all the terms of this Order,  and (d) request

18  such person or persons to execute the "Acknowledgment and  Agreement to Be Bound"

19  that is attached hereto as Exhibit A.

20  11.    INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE

21  PROTECTED MATERIAL

22       When a Producing Party gives notice to Receiving Parties that certain

23  inadvertently produced material is subject to a claim of privilege or other protection, the

24  obligations of the Receiving Parties are those set forth in Federal Rule of Civil  Procedure

25  26(b)(5)(B). This provision is not intended to modify whatever procedure may be

26  established in an e-discovery order that provides for production without prior privilege

27  review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar  as the parties reach

28  an agreement on the effect of disclosure of a communication or  information covered by

1  the attorney-client privilege or work product protection, the  parties may incorporate their

2  agreement in the stipulated protective order submitted to the court.

3  12.   MISCELLANEOUS

4      12.1   Right to Further Relief. Nothing in this Order abridges the right of any

5  person to seek its modification by the Court in the future.

6      12.2 Right to Assert Other Objections. By stipulating to the entry of this

7  Protective Order no Party waives any right it otherwise would have to object to

8  disclosing or producing any information or item on any ground not addressed in this

9  Stipulated Protective Order. Similarly, no Party waives any right to object on any  ground

10  to use in evidence of any of the material covered by this Protective Order.

11      12.3   Filing Protected Material. A Party that seeks to file under seal any

12  Protected Material must comply with Civil Local Rule 79-5. Protected Material may

13  only be filed under seal pursuant to a court order authorizing the sealing of the  specific

14  Protected Material at issue. If a Party's request to file Protected Material  under seal is

15  denied by the court, then the Receiving Party may file the information  in the public

16  record unless otherwise instructed by the court.

17

18  13.   FINAL DISPOSITION

19  After the final disposition of this Action, as defined in paragraph 4, within 60 days

20  of a written request by the Designating Party, each Receiving Party must return  all

21  Protected Material to the Producing Party or destroy such material. As used in  this

22  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

23  summaries, and any other format reproducing or capturing any of the Protected  Material.

24  Whether the Protected Material is returned or destroyed, the Receiving Party must submit

25  a written certification to the Producing Party (and, if not the same  person or entity, to the

26  Designating Party) by the 60 day deadline that (1) identifies (by category, where

27  appropriate) all the Protected Material that was returned or  destroyed and (2) affirms that

28  the Receiving Party has not retained any copies,  abstracts, compilations, summaries or

CASE NO.: 2:15-cv-05403              12       **STIPULATED PROTECTIVE ORDER**

1    any other format reproducing or capturing any of the Protected Material. Notwithstanding

2    this provision, Counsel are entitled to  retain an archival copy of all pleadings, motion

3    papers, trial, deposition, and hearing  transcripts, legal memoranda, correspondence,

4    deposition and trial exhibits, expert  reports, attorney work product, and consultant and

5    expert work product, even if such  materials contain Protected Material. Any such

6    archival copies that contain or constitute Protected Material remain subject to this

7    Protective Order as set forth in Section 4 (DURATION).

8         14.    Any violation of this Order may be punished by any and all appropriate

9    measures including, without limitation, contempt proceedings and/or monetary sanctions.

10

11   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

13   DATED:  November ____, 2015          LAW OFFICES OF CATHE L.
                                          CARAWAY-HOWARD
14

15

16                           By:   _____
                                   Cathe L. Caraway-Howard
17
                                   Attorneys for Plaintiffs
18                                 NEIL ARMSTRONG,
                                   DWIGHT ATCHISON
19

20

21
     DATED:  November 18, 2015           JACKSON LEWIS P.C.
22

23
                             By:   /S/ Cynthia J. Emry
24                                 Cynthia Emry
                                   Michael A. Wertheim
25
                                   Attorneys for Defendant
26                                 U.S. QUALITY FURNITURE SERVICES,
                                   INC.
27

28

1

2
**ORDER**

3
**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

4

5

6
Dated: November 19, 2015

7
**MAGISTRATE JUDGE**
**ALICIA G. ROSENBERG**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order that was issued by the United States District

Court for the Central District of California on [date] in the case of <u>Neil Armstrong, Dwight</u>

<u>Atchison v. U.S. Quality Furniture Services</u>, Inc.; USDC Case No. 2:15-cv-05403 –

DMG - AGR. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.  I

further agree to submit to the jurisdiction of the United States District Court for the Central

District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action. I hereby

appoint _____ [print or type full name] of  _____

[print or type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____ _

Printed name: _____

Signature: _____

---

CASE NO.: 2:15-cv-05403                    15        **STIPULATED PROTECTIVE ORDER**

1    4853-2088-0937, v.  1

2

3

4

5

6

7    4834-6155-0375, v.  1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28